UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ABEL EDDINGTON and JUDY HUDSON, Individually and on behalf of all others similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>FRED'S, INC. and FRED'S STORES OF TENNESSEE, INC.<br><br>*Defendants* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Abel Eddington and Judy Hudson bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") who worked for Fred's, Inc. and/or Fred's Stores of Tennessee, Inc. (collectively "Defendants" or "Fred's") and were not paid for all hours worked during the relevant statutes of limitations through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—219, the Kentucky Wage and Hour Act ("KWHA"), KY. REV. STAT. ANN. §§ 337.010—.994 and Texas common law.

### I.
### OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201—219, and class actions brought pursuant to the KWHA, Texas common law and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable damages and penalties.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Fred's throughout the United States at any time during the relevant statutes of limitations

through the final disposition of this matter, and were not paid for all hours worked in violation of state and federal law.

3. Specifically, Fred's enforced (and continues to enforce) a uniform company-wide corporate policy wherein it improperly required its non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't. of Labor v. Am. Future Sys., Inc.*, No. 16-2685, 2017 WL 4558663 (3d Cir. Oct. 13, 2017).

4. Fred's also enforced (and continues to enforce) a uniform company-wide corporate policy wherein they automatically deduct 30-minute meal periods from Plaintiffs and the Putative Class Members' daily hours worked, despite knowing that Plaintiffs and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day, including during weeks in which they worked more than forty (40) hours.

5. Fred's company-wide policies caused (and continue to cause) Plaintiffs and the Putative Class Members to be unpaid for all hours worked in each workweek and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each week.

6. Although Plaintiffs and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. The decision by Fred's not to pay Plaintiffs and the Putative Class Members for all hours worked was neither reasonable or in good faith.

8. Fred's knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the KWHA.

10. Plaintiffs and the Putative Class Members therefore seek to recover all unpaid compensation, overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the KWHA and Texas common law as class actions pursuant to FED. R. CIV. P. 23.

11. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiffs also pray that the Rule 23 classes are certified as defined herein, and the Plaintiffs designated herein be named as Class Representatives.

## II.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201—219.

14. This Court has supplemental jurisdiction over the additional Kentucky and Texas state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Defendants maintain a working presence throughout East Texas and Plaintiff Eddington resided in Kilgore, Texas throughout his employment with Defendants, all of which is located in this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## PARTIES

18. Plaintiff Abel Eddington worked for Fred's at the Kilgore, Texas location during the relevant time period. Plaintiff Eddington did not receive compensation for all hours worked each week.[1]

19. Plaintiff Judy Hudson worked for Fred's at the Hartford, Kentucky location during the relevant time period. Plaintiff Hudson did not receive compensation for all hours worked each week.[2]

20. The Putative Class Members are those current and former employees who were employed by Fred's at any time during the relevant statutes of limitations through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

21. Fred's Inc. is a domestic for-profit corporation licensed to and doing business in the State of Tennessee, and may be served through its registered agent for service of process: **C T Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.**

22. Fred's Stores of Tennessee, Inc. is a domestic for-profit corporation licensed to and doing business in the State of Texas, and may be served through its registered agent for services of process: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

23. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Fred's and the Plaintiffs and Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the

---

[1] The written consent of Abel Eddington is hereby attached as Exhibit "A."

[2] The written consent of Judy Hudson is hereby attached as Exhibit "B."

applicable provisions of the FLSA, KWHA, and Texas common law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## IV.
## FACTUAL BACKGROUND

24. Fred's, Inc. was founded in 1947 in Coldwater, Mississippi and is now headquartered in Memphis, Tennessee.[3]

25. Fred's, Inc. currently operates over 600 discount general merchandise and pharmacy stores throughout the United States.[4]

26. Fred's Stores of Tennessee, Inc. is a wholly owned subsidiary of Fred's Inc.[5]

27. To continue its operations, Defendants employ thousands of non-exempt employees—including Plaintiffs and the Putative Class Members—throughout the United States to work in Defendants' retail stores and pharmacies.

28. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

29. Fred's, Inc. manages key internal relationships to its stores nationwide—that is, it directs the financials of these stores and controls the compensation of Plaintiffs and the Putative Class Members, all of whom directly or indirectly report to Fred's, Inc.

30. Defendants are a vertically integrated enterprise—they share operation systems, employees, and policies.

31. Further, Fred's, Inc. and Fred's of Tennessee have integrated operations, they share the same headquarter operations center, they use the same shared employee recordkeeping and pay

---

[3] https://www.fredsinc.com/corporate/about-us/.

[4] *Id.*

[5] https://www.sec.gov/Archives/edgar/data/724571/000095014408002910/g12863exv21w1.htm.

software, share the same website, and they maintain employee records on a shared record keeping system.

32. Fred's, Inc. and Fred's of Tennessee share the same management staff. Specifically, Michael K. Bloom is the Chief Executive Officer for both Fred's, Inc. and Fred's of Tennessee; Craig Barnes is the Chief Operating Officer for both Fred's, Inc. and Fred's of Tennessee; Timothy A. Liebmann is the Chief Operating Officer for both Fred's, Inc. and Fred's of Tennessee; and John Foley is the Vice President for Fred's, Inc. and Fred's of Tennessee.

33. Moreover, Fred's, Inc. has the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; maintain their employment records; and, to create new policies for stores throughout the United States.

34. Specifically, Fred's, Inc. has created all the rules and assignments for its stores' employees to follow nationwide, any new policy that Fred's, Inc. implements automatically implemented in its stores nationwide. Moreover, Fred's, Inc. controls all records and pay rates of its employees nationwide through the Fred's, Inc. payroll and records system which it controls.

35. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, KWHA and Texas common law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

36. Fred's paid (and continues to pay) Plaintiffs and the Putative Class Members an hourly rate but fails to compensate them for all hours worked each week, including weeks in which they worked more than forty (40) hours.

37. Specifically, Defendants follow Fred's, Inc.'s corporate policy which requires employees to clock out for all break periods lasting twenty-minutes or less.

38. Defendants applied these pay practices despite clear and controlling law that states that break periods lasting twenty-minutes or less are compensable time and must be paid.

39. Defendants, using the Fred's, Inc.'s corporate payroll software, also automatically deducted (and continue to deduct) thirty (30) minutes per day for Plaintiffs and Putative Class Members' meal periods.

40. Defendants were (and continue to be) aware that Plaintiffs and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA, KWHA and Texas common law.

41. Plaintiff Eddington worked for Fred's at the Kilgore, Texas location from approximately December 2016 until October 2017.

42. Plaintiff Hudson worked for Fred's at the Hartford, Kentucky location from approximately June 2015 until November 2016.

43. Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours each week.

44. Defendants were (and continue to be) aware that Plaintiffs and the Putative Class Members were not paid for all hours worked nor were they paid the proper amount of overtime for all hours worked over forty (40) each workweek.

45. Defendants denied Plaintiff and the Putative Class Members the proper amount of pay as a result of a widely applicable, illegal pay practice.

46. Accordingly, Defendants' pay policies and practices blatantly violated the FLSA, KWHA and Texas common law.

# V.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

47. All previous paragraphs are incorporated as though fully set forth herein.

48. The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR FRED'S INC. AND/OR FRED'S STORES OF TENNESSEE, INC., AT ANY TIME FROM MARCH 8, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE REQUIRED TO CLOCK OUT FOR REST BREAKS AND/OR HAD THIRTY (30) MINUTES AUTOMATICALLY DEDUCTED FROM THEIR TIME DAILY HOURS WORKED ("FLSA Collective" or "FLSA Collective Members")**

49. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

50. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

51. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. During the respective periods of Plaintiffs and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

53. In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

54. Specifically, Plaintiffs and the Putative Class Members are (or were) **<u>non-exempt</u>** employees who worked for Defendants throughout the United States. 29 U.S.C. § 203(j).

55. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

56. The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 48.

57. The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Defendants violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and (a) failing to pay employees for all hours worked, and (b) failing to compensate such employees for hours worked in excess of forty (40) hours per week at rates of at least one and hone-half times their regular rate.

60. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' actions and omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

61. Moreover, Defendants knowingly, willfully, and in reckless disregard of the law carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees' compensation for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours per week. 29 U.S.C. § 255(a).

62. Defendants knew or should have known their pay practices were in violation of the FLSA.

63. Defendants' failure to pay wages for hours worked to Plaintiffs and the FLSA Collective Members was willful.

64. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay overtime in accordance with the law.

65. The decisions and practices by Defendants to not compensate Plaintiffs and the FLSA Collective Members for all hours worked was neither reasonable nor in good faith.

66. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to their unpaid wages and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

69. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

70. The FLSA Collective Members are defined in Paragraph 48.

71. Defendants' failure to pay wages for all hours worked or overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

72. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

73. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

74. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and for all hours worked in excess of forty (40) hours per workweek.

75. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to compensation for all hours worked and overtime after forty (40) hours in a week.

76. Defendants employed a substantial number of similarly situated workers since March 8, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

77. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

79. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 48 and notice should be promptly sent.

# COUNT TWO
## (Class Action Alleging Violations of the KWHA)

**A.  KENTUCKY WAGE AND HOUR ACT COVERAGE**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. The Kentucky Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR FRED'S, INC. AND/OR FRED'S STORES OF TENNESSEE, INC., IN THE STATE OF KENTUCKY, AT ANY TIME FROM MARCH 8, 2013 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE REQUIRED TO CLOCK OUT FOR REST BREAKS AND/OR HAD THIRTY (30) MINUTES AUTOMATICALLY DEDUCTED FROM THEIR TIME DAILY HOURS WORKED ("Kentucky Class" or "Kentucky Class Members").**

82. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. §§ 337.010—.994; 803 KY. ADMIN. REGS. 1:005.

83. At all times hereinafter mentioned, Plaintiff Hudson and the Kentucky Class Members have been employees within the meaning of the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. §§ 337.010—.994; 803 KY. ADMIN. REGS. 1:005.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KENTUCKY WAGE AND HOUR ACT**

84. All previous paragraphs are incorporated as though fully set forth herein.

85. The Kentucky Wage and Hour Act prohibits any employer from employing its employees "for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1 ½) times the hourly wage rate at which he is employed." KY. REV. STAT. ANN. § 337.285(1).

86. The Kentucky Wage and Hour Act further requires that "[e]very employer doing business in [Kentucky] shall . . . pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment." KY. REV. STAT. ANN. § 337.020.

87. Additionally, the Kentucky Wage and Hour Act requires employers to provide paid rest breaks of at least ten (10) minutes during each four (4) hours worked. KY. REV. STAT. ANN. § 337.365.

88. Defendants have willfully failed to pay Plaintiff Hudson and the Kentucky Class Members for all hours worked. Because this "off-the-clock" time was not included as time worked, Defendants failed to pay Plaintiff Hudson and the Kentucky Class Members correct wages, and overtime wages, as required by the Kentucky Wage and Hour Act.

89. Plaintiff Hudson and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which the Kentucky Plaintiffs would be able to precisely calculate damages.

90. Plaintiff Hudson and the Kentucky Class Members seek recovery of their unpaid wages and overtime and an additional equal amount as liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by Defendants. *See* KY. REV. STAT. ANN. §337.385.

91. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Kentucky Wage and Hour Act, is defined in Paragraph 81.

92. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**C.     KENTUCKY CLASS ALLEGATIONS**

93. Plaintiff Hudson brings her Kentucky claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Kentucky since March 8, 2013. *See* KY. REV. STAT. ANN. § 413.120(2).

94. Class action treatment of Plaintiff Hudson's claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

95. The number of Kentucky Class Members is so numerous that joinder of all class members is impracticable.

96. Plaintiff Hudson is a member of the Kentucky Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

97. Plaintiff Hudson and her counsel will fairly and adequately represent the class members and their interests.

98. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

99. Accordingly, the Kentucky Class should be certified as in Paragraph 81.

## COUNT THREE
### (Class Action Alleging Violations of Texas Common Law)

**A.  VIOLATIONS OF TEXAS COMMON LAW**

100. All previous paragraphs are incorporated as though fully set forth herein.

101. Plaintiff Eddington further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983).

102. The Texas Common Law Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR FRED'S, INC. AND/OR FRED'S STORES OF TENNESSEE, INC., IN THE STATE OF TEXAS, AT ANY TIME FROM MARCH 8, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE REQUIRED TO CLOCK OUT FOR REST BREAKS AND/OR HAD THIRTY (30) MINUTES AUTOMATICALLY DEDUCTED FROM THEIR TIME DAILY HOURS**

**WORKED ("Texas Common Law Class" or "Texas Common Law Class Members").**

103. The Texas Common Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. These claims are independent of Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, (ECF No. 67) (W.D. Tex. Mar. 2, 2017) (recognizing that "gap time" or "straight time" claims, where the compensation sought is for hours worked in a week that are not in excess of forty and when the average wage paid is not below minimum wage, are not preempted by the FLSA); *see also Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

104. The Texas Common Law Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

105. Defendants accepted Plaintiff Eddington and the Texas Common Law Class Members' services and benefited from their timely dedication to Defendants' policies and adherence to Defendants' schedule.

106. Defendants were (and continue to be) aware that Plaintiff Eddington and the Texas Common Law Class Members expected to be compensated for the services they provided to Defendants.

107. Defendants have therefore been benefited from services rendered by Plaintiff Eddington and the Texas Common Law Class Members.

108. Plaintiff Eddington and the Texas Common Law Class Members are therefore entitled to recover pursuant to the equitable theory of *quantum meruit*.

## B. TEXAS COMMON LAW CLASS ALLEGATIONS

109. Plaintiff Eddington brings her Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas since March 8, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

110. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

111. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

112. Plaintiff Eddington is a member of the Texas Common Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

113. Plaintiff Eddington and his counsel will fairly and adequately represent the class members and their interests.

114. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

115. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 102.

## VI.
## RELIEF SOUGHT

116. Plaintiffs respectfully pray for judgment and relief against Defendants as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 48 and requiring

Express to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

      b.      For an Order certifying the Kentucky Class as defined in Paragraph 81 as a class action pursuant to Federal Rule of Civil Procedure 23 and designating Judy Hudson as the Class Representative of the Kentucky Class.

      c.      For an Order certifying the Texas Common Law Class as defined in Paragraph 102 as a class action under Rule 23 and designating Abel Eddington as the Class Representative of the Texas Common Law Class.

      d.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      e.      For an Order awarding Plaintiffs, Opt-In Plaintiffs and Class Members all back wages that have been improperly withheld;

      f.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

      g.      For an Order pursuant to the KWHA awarding Plaintiff Hudson and the Kentucky Class who performed work on behalf of Defendants in the State of Kentucky all damages allowed by law;

      h.      For an Order pursuant to Texas Common Law awarding Plaintiff Eddington and the Texas Common Law Class who performed work on behalf of Defendants in the State of Texas all damages allowed by law;

      i.      For an Order awarding the costs and expenses of this action;

j. For an Order awarding attorneys' fees;

k. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

l. For an Order awarding the Plaintiffs service awards as permitted by law;

m. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

n. All such other and further relief that Plaintiffs, the FLSA Class, the Kentucky Class and/or the Texas Common Law Class are justly entitled.

Date:   March 8, 2018                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**HOMMEL LAW FIRM**

By:   /s/ *William S. Hommel, Jr.*
**William S. Hommel, Jr.**
Texas Bar No. 09934250
bhommel@hommelfirm.com
1404 Rice Road, Suite 200
Tyler, TX 75703
Telephone: (903) 596-7100
Facsimile: (469) 533-1618

***Attorneys in Charge for Plaintiffs and the Putative Class Members***