UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ABEL EDDINGTON and JUDY HUDSON,** | § | |
| Individually and on behalf of all others | § | Civil Action No. 2:18-cv-00056 |
| similarly situated | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **FRED'S, INC. and FRED'S STORES OF** | § | |
| **TENNESSEE, INC.** | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| *Defendants* | § | |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Abel Eddington and Judy Hudson bring this action individually and on behalf of all opt-in plaintiffs and others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") who worked for Fred's, Inc. and/or Fred's Stores of Tennessee, Inc. (collectively "Defendants" or "Fred's") and were not paid for all hours worked from March 8, 2018 through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—219.

### I.
### OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.      Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Fred's, anywhere in the United States, at any time from March 8, 2018 through the final disposition of this matter, and were not paid for all hours worked or the proper amount of overtime in violation of federal law.

3.      Specifically, Fred's enforced (and continues to enforce) a uniform company-wide policy wherein it improperly required its non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't. of Labor v. Am. Future Sys., Inc.*, No. 16-2685, 2017 WL 4558663 (3d Cir. Oct. 13, 2017), *cert. denied sub nom. Am. Future Sys., Inc. v. Acosta*, 138 S. Ct. 2621 (2018).

4.      Fred's also enforced (and continues to enforce) a uniform company-wide policy wherein they automatically deduct 30-minute meal periods from Plaintiffs and the Putative Class Members' daily hours worked, despite knowing that Plaintiffs and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day, including during weeks in which they worked more than forty (40) hours.

5.      Fred's company-wide policies caused (and continue to cause) Plaintiffs and the Putative Class Members to be unpaid for all hours worked in each workweek and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each week.

6.      Although Plaintiffs and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.      The decision by Fred's not to pay Plaintiffs and the Putative Class Members for all hours worked was neither reasonable or in good faith.

8.      Fred's knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9.      Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

10.     Plaintiffs and the Putative Class Members therefore seek to recover all unpaid compensation, overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

11.     Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## JURISDICTION & VENUE

12.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

13.     Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

14.     Specifically, Defendants maintain a working presence throughout East Texas and Plaintiff Eddington resided in Kilgore, Texas throughout his employment with Defendants, all of which is located in this District and Division.

15.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## PARTIES

16.     Plaintiff Abel Eddington ("Eddington") worked for Fred's in Texas during the relevant time period. Plaintiff Eddington did not receive compensation for all hours worked each week.[1]

---

[1] The written consent of Abel Eddington is on file with this Court.

17.     Plaintiff Judy Hudson ("Hudson") worked for Fred's in Kentucky during the relevant time period. Plaintiff Hudson did not receive compensation for all hours worked each week.[2]

18.     The Putative Class Members are those current and former employees who were employed by Fred's, anywhere in the United States, at any time during the relevant time period, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

19.     Fred's Inc. is properly before this Court and has filed a responsive pleading in this matter.

20.     Fred's Stores of Tennessee, Inc. is properly before this Court and has filed a responsive pleading in this matter.

21.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Fred's and the Plaintiffs and Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## IV.
## FACTUAL BACKGROUND

22.     Fred's, Inc. was founded in 1947 in Coldwater, Mississippi and is now headquartered in Memphis, Tennessee.[3]

23.     Fred's, Inc. currently operates over 600 discount general merchandise and pharmacy stores throughout the United States.[4]

---

[2] The written consent of Judy Hudson is on file with this Court.

[3] https://www.fredsinc.com/corporate/about-us/.

[4] *Id.*

24.     Fred's Stores of Tennessee, Inc. is a wholly owned subsidiary of Fred's Inc.[5]

25.     To continue its operations, Defendants employ thousands of non-exempt employees—including Plaintiffs and the Putative Class Members—throughout the United States to work in Defendants' retail stores and pharmacies.

26.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

27.     Fred's, Inc. manages key internal relationships to its stores nationwide—that is, it directs the financials of these stores and controls the compensation of Plaintiffs and the Putative Class Members, all of whom directly or indirectly report to Fred's, Inc.

28.     Defendants are a vertically integrated enterprise—they share operation systems, employees, and policies.

29.     Further, Fred's, Inc. and Fred's of Tennessee have integrated operations, they share the same headquarter operations center, they use the same shared employee recordkeeping and pay software, share the same website, and they maintain employee records on a shared record keeping system.

30.     Fred's, Inc. and Fred's of Tennessee share the same management staff. Specifically, Michael K. Bloom is the Chief Executive Officer for both Fred's, Inc. and Fred's of Tennessee; Craig Barnes is the Chief Operating Officer for both Fred's, Inc. and Fred's of Tennessee; Timothy A. Liebmann is the Chief Operating Officer for both Fred's, Inc. and Fred's of Tennessee; and John Foley is the Vice President for Fred's, Inc. and Fred's of Tennessee.

31.     Moreover, Fred's, Inc. has the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and

---

[5] https://www.sec.gov/Archives/edgar/data/724571/000095014408002910/g12863exv21w1.htm.

conditions of their employment; determine their rate and method of payment; maintain their employment records; and, to create new policies for stores throughout the United States.

32.     Specifically, Fred's, Inc. has created all the rules and assignments for its stores' employees to follow nationwide, any new policy that Fred's, Inc. implements automatically implemented in its stores nationwide. Moreover, Fred's, Inc. controls all records and pay rates of its employees nationwide through the Fred's, Inc. payroll and records system which it controls.

33.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

34.     Fred's paid (and continues to pay) Plaintiffs and the Putative Class Members an hourly rate but fails to compensate them for all hours worked each week, including weeks in which they worked more than forty (40) hours.

35.     Specifically, Defendants follow Fred's, Inc.'s corporate policy which requires employees to clock out for all break periods lasting twenty-minutes or less.

36.     Defendants applied these pay practices despite clear and controlling law that states that break periods lasting twenty-minutes or less are compensable time and must be paid.

37.     Defendants, using the Fred's, Inc.'s corporate payroll software, also automatically deducted (and continue to deduct) thirty (30) minutes per day for Plaintiffs and Putative Class Members' meal periods.

38.     Defendants were (and continue to be) aware that Plaintiffs and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

39.     Plaintiff Eddington worked for Fred's in Kilgore, Texas from approximately December 2016 until October 2017.

40.     Plaintiff Hudson worked for Fred's in Hartford, Kentucky from approximately June 2015 until November 2016.

41.     Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours each week.

42.     Defendants were (and continue to be) aware that Plaintiffs and the Putative Class Members were not paid for all hours worked nor were they paid the proper amount of overtime for all hours worked over forty (40) each workweek.

43.     Defendants denied Plaintiff and the Putative Class Members the proper amount of pay as a result of a widely applicable, illegal pay practice.

44.     Accordingly, Defendants' pay policies and practices blatantly violated the FLSA.

## V.
## CAUSE OF ACTION

### A.     FLSA COVERAGE

45.     All previous paragraphs are incorporated as though fully set forth herein.

46.     The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR FRED'S INC. AND/OR FRED'S STORES OF TENNESSEE, INC., AT ANY TIME FROM MARCH 8, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE REQUIRED TO CLOCK OUT FOR REST BREAKS AND/OR HAD THIRTY (30) MINUTES AUTOMATICALLY DEDUCTED FROM THEIR TIME DAILY HOURS WORKED ("FLSA Collective" or "FLSA Collective Members")**

47.     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

48.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50.     During the respective periods of Plaintiffs and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

51.     In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52.     Specifically, Plaintiffs and the Putative Class Members are (or were) ***non-exempt*** employees who worked for Defendants throughout the United States. 29 U.S.C. § 203(j).

53.     At all times hereinafter mentioned, Plaintiffs and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

54.     The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

55.     The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

56.     All previous paragraphs are incorporated as though fully set forth herein.

57.     Defendants violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and (a) failing to pay employees for all hours worked, and (b) failing to compensate such employees for hours worked in excess of forty (40) hours per week at rates of at least one and hone-half times their regular rate.

58.     Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' actions and omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

59.     Moreover, Defendants knowingly, willfully, and in reckless disregard of the law carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees' compensation for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours per week. 29 U.S.C. § 255(a).

60.     Defendants knew or should have known their pay practices were in violation of the FLSA.

61.     Defendants' failure to pay wages for all hours worked and the proper amount of overtime to Plaintiffs and the FLSA Collective Members was willful.

62.     Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay for all hours worked and the proper amount of overtime in accordance with the law.

63.     The decisions and practices by Defendants to not compensate Plaintiffs and the FLSA Collective Members for all hours worked and the proper amount of overtime was neither reasonable nor in good faith.

64.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to their unpaid wages and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

65.     All previous paragraphs are incorporated as though fully set forth herein.

66.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

67.     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

68.     The FLSA Collective Members are defined in Paragraph 46.

69.     Defendants' failure to pay wages for all hours worked or the proper amount of overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

70.     Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

71.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

72.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) hours per workweek.

73.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar

workers entitled to compensation for all hours worked and the proper amount of overtime after forty (40) hours in a week.

74.     Defendants have employed a substantial number of similarly situated workers since March 8, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

75.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

76.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

78.     Plaintiffs respectfully pray for judgment and relief against Defendants as follows:

a.     For an Order certifying the FLSA Collective as defined in Paragraph 46 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the

suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

    d.  For an Order awarding the costs and expenses of this action;

    e.  For an Order awarding attorneys' fees;

    f.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.  For an Order awarding the Plaintiffs service awards as permitted by law;

    h.  For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

    i.  For an Order granting such further relief as may be necessary and appropriate.

Date:   November 20, 2018                    Respectfully submitted,

                                             **ANDERSON ALEXANDER, PLLC**

                              By:      /s/ *Clif Alexander*
                                       **Clif Alexander**
                                       Texas Bar No. 24064805
                                       clif@a2xlaw.com
                                       **Lauren E. Braddy**
                                       Texas Bar No. 24071993
                                       lauren@a2xlaw.com
                                       **Alan Clifton Gordon**
                                       Texas Bar No. 00793838
                                       cgordon@a2xlaw.com
                                       819 N. Upper Broadway
                                       Corpus Christi, Texas 78401
                                       Telephone: (361) 452-1279
                                       Facsimile: (361) 452-1284

                                             **HOMMEL LAW FIRM**

                              By:      /s/ *William S. Hommel, Jr.*
                                       **William S. Hommel, Jr.**
                                       Texas Bar No. 09934250
                                       bhommel@hommelfirm.com
                                       1404 Rice Road, Suite 200
                                       Tyler, TX 75703
                                       Telephone: (903) 596-7100
                                       Facsimile: (469) 533-1618

                                       ***Attorneys for Plaintiffs and the Putative
                                       Class Members***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander
